UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Therl Taylor, #260961, | ) C/A No. 2:13-3449-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Catherine Amason, SCDC Mailroom Supervisor; Misha Michelle, Mailroom Attendant; Wayne Thompson, SCDC Lieutenant; A. Sellars, SCDC Disciplinary Hearing Officer; D. Seward, SCDC Major; Jeanne McKay, SCDC Associate Warden; Jane Doe(s), Employee; Jon Doe(s), Inmate; Jane Chisum, C/O; John Evry, C/O; Chris Florian, SCDC Office of General Counsel Attorney; William Byers, SCDC Director; SCDC, | ) **FOR PARTIAL** |
| | ) **SUMMARY DISMISSAL** |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the South Carolina Department of Corrections (SCDC), currently incarcerated at Allendale Correctional Institution. Plaintiff brings this action against, *inter alia*, SCDC employees, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without

prejudice and without issuance and service of process as to Defendants Jane Doe(s), Jon Doe(s), and SCDC.[1]

## Factual and Procedural Background

The Complaint contains several different claims arising from events which occurred while Plaintiff was an inmate at SCDC's Kershaw Correctional Institution ("KCI"). Plaintiff asserts violations of his First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights, including claims of deliberate indifference; due process and equal protection violations; interference with access to the courts; improper conditions of confinement; retaliation; assault; conspiracy; harassment; and respondeat superior. (*See* ECF No. 1 at 3.) He seeks declaratory, injunctive, and monetary damages. (*Id.* at 34.)

## Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

---

[1] In a separately-docketed order, the undersigned has authorized service against the remaining Defendants.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against the

majority of the named defendants, he fails to state a cognizable § 1983 claim against Defendants Jane Doe(s), Jon Doe(s), and SCDC.

1. Jane Doe(s)

The Complaint contains no allegations of wrongdoing against Defendant Jane Doe(s). (*See* ECF No. 1 at 21.) Although the Court must liberally construe the *pro se* Complaint, and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff has not pleaded any factual allegations which state a plausible claim for relief against Jane Doe(s), this Defendant should be dismissed.

2. Jon Doe(s)

Plaintiff claims that Jon Doe(s) was "instrumental in providing malicious and false 'kites' or notes" about Plaintiff to prison authorities, leading to multiple searches of Plaintiff's cell. (ECF No. 1 at 21.) But purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 75 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Plaintiff makes no allegation that this Defendant, who was his fellow inmate at KCI, acted under color of state or federal law. Therefore, under 28 U.S.C.

4

§ 1915(e) (2)(B)(ii), the Complaint fails to state a claim on which relief can be granted by this Court against this Defendant.

3. South Carolina Department of Corrections

Defendant South Carolina Department of Corrections should be summarily dismissed. The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted).

Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will*, 491 U.S. at 70; *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As a state agency, SCDC is an arm of the State of South Carolina. *See Will*, 491 U.S. at 70; *see also*

*Belcher v. S.C. Bd. of Corrs.*, 460 F. Supp. 805 (D.S.C. 1978).[2] The Eleventh Amendment protects SCDC from suit whether money damages or injunctive relief is sought. *See Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question of whether the suit is barred by the Eleventh Amendment." (citing *Cory v. White*, 457 U.S. 85, 90 (1982)); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Accordingly, the undersigned recommends summarily dismissing SCDC.

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice as to Defendants Jane Doe(s), Jon Doe(s), and the South Carolina Department of Corrections.

IT IS SO RECOMMENDED.


                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

March 12, 2014
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Furthermore, South Carolina Code Section 15-78-20(e) provides,
> Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.

S.C. CODE ANN. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7