IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2014 MAY -8  P 12: 25

| | |
|---|---|
| THERL TAYLOR, | No. 2:13-cv-03449-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| CATHERINE AMASON, SCDC Mailroom Supervisor; MISHA MICHELLE, Mailroom Attendant; WAYNE THOMPSON, SCDC Lieutenant; A SELLARS, SCDC Disciplinary Hearing Officer; D SEWARD, SCDC Major; JEANNE MCKAY, SCDC Associate Warden; JANE DOES, employee; JON DOES, inmate; JANE CHISUM, CO; JOHN EVRY, CO; CHRIS FLORIAN, SCDC Office of General Counsel Attorney; WILLIAMS BYERS, SCDC Director; SCDC, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 11), recommending that this action be summarily dismissed without prejudice and without issuance of service as to Defendants Jane Doe(s), Jon Doe(s), and the South Carolina Department of Corrections (SCDC). For the reasons stated below, the Court adopts the R & R in part. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service as to Defendants Jon Doe(s) and SCDC.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

1

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

2

## II. Discussion

### A. Jane Doe(s)

The Magistrate Judge recommended dismissal of the Complaint as to Jane Doe(s) because the Complaint contains no allegations of wrongdoing against Defendant Jane Does(s). (Dkt. No. 11 at 4). Plaintiff filed objections to the R & R, in which he made factual claims against Defendant Jane Doe. Plaintiff claims that "Jane Doe overlooked, or otherwise tacitly approved or authorized the abuse, mistreatment, or subjected Plaintiff thereto such, and legally violated Plaintiff's Federal and/or Constitutional Rights." (Dkt. No. 29 at 2). Plaintiff also states that Jane Doe(s) "knew of the injuries and damages" alleged in particular sections of the Complaint, "yet failed to Report SCDC Policy violations and unlawful actions or omissions to her immediate Supervisor" and failed to create an Incident Report. (*Id.*) Plaintiff states that Jane Doe "willfully covered her State Identification Badge to conceal her proper identify." (*Id.*)

While the Court agrees with the Magistrate Judge that Plaintiff failed to allege a constitutional claim in his original Complaint, the Court finds these additional allegations would be enough to survive summary dismissal. To the extent that Plaintiff's additional statements allege that Defendant Jane Doe was deliberately indifferent to a substantial risk of harm to Plaintiff, they may state sufficient facts to require Defendant Jane Doe to respond. *See Browner v. Fortner*, 518 F.3d 552, 558-59 (8th Cir. 2008). Therefore, the Court deems the Complaint amended to include these additional allegations against Defendant Jane Doe, and declines to adopt the R & R as to Jane Doe.

### B. Jon Does

The Magistrate Judge recommended dismissing the Complaint as to Jon Doe(s) because "Plaintiff makes no allegation that this Defendant, who was his fellow inmate at KCI, acted

3

under color of state or federal law." (Dkt. No. 11 at 4). In his objections, Plaintiff "confirms that [these defendants] are SCDC inmates," and he does not specifically object to the Magistrate Judge's finding that Plaintiff has not alleged this defendant acted under the color of law. (Dkt. No. 29 at 3). However, Plaintiff asks that if he has no legal recourse against the inmates in federal court, the Court to remove the Jon Doe defendants to state court for common law tort actions. (Dkt. No. 29 at 3). This Court does not have the ability to transfer the case against Jon Doe defendants to state court. Plaintiff must file any tort claims he has against them in state court.

**C. South Carolina Department of Corrections**

The Magistrate Judge recommended dismissing the Complaint as to SCDC because it has Eleventh Amendment immunity. (Dkt. No. 11 at 5-6). Plaintiff does not specifically object to this finding but states that he "believes SCDC is the insurance Policy Holder." (Dkt. No. 29 at 3). The Magistrate Judge is, of course, correct that SCDC enjoys Eleventh Amendment immunity from suits in federal court, and the Complaint is dismissed as to this defendant.

### III. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 11) as to Defendants Jon Doe(s) and SCDC but **DECLINES TO ADOPT** the R & R as to Defendant Jane Doe. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service as to Defendants Jon Doe(s) and SCDC.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

May 8, 2014
Charleston, South Carolina

4