IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Therl Taylor #260961, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Catherine Amason, SCDC Mailroom )<br>Supervisor; Misha Michelle, Mailroom )<br>Attendant; Wayne Thompson, SCDC )<br>Lieutenant; A. Sellars, SCDC )<br>Disciplinary Hearing Officer; D. Seward, )<br>SCDC Major; Jeanne McKay, SCDC )<br>Associate Warden; Jane Doe(s), )<br>Employee; Jon Doe(s), Inmate; Jane )<br>Chisum, C/O; John Evry, C/O; Chris )<br>Florian, SCDC Office of General )<br>Counsel Attorney; William Byers, SCDC )<br>Director; )<br>)<br>Defendant. )<br>_____ ) | C/A No. 2:13-cv-3449-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 83), which recommends that this Court (1) grant the named Defendants' motion for summary judgment (Dkt. No. 55), and (2) dismiss the case against Jane Doe(s) without prejudice for failure to personally serve process as required by Rule 4(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court adopts the R & R and grants Defendants' motion for summary judgment.

I. Background

Plaintiff, a state prisoner proceeding pro se, filed this action asserting numerous violations of his rights by prison officials and employees during his incarceration at Kershaw Correctional Institute ("KCI"). Plaintiff makes his claims pursuant to the following law: "First

Amendment, Fourth Amendment, Fifth and Fourteenth Amendments Due Process & Equal Protection, Sixth Amendment, Seventh and [Eighth] Amendments-Deliberate Indifference, [In]adequate Access to the Courts and [Imp]roper Conditions of Confinement, Retaliation, Assault Conspiracy, Harassment, Respondeat Superior, 41 U.S.C. § 1983, and 18 U.S.C. § 3626." (Dkt. No. 1 at 3 (Roman numerals omitted and commas added)). This matter was automatically referred to the United States Magistrate Judge for pretrial handling. *See* 28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2)(d) DSC.

The named Defendants—that is, all Defendants not named Jane Doe[1]—filed a motion for summary judgment. (Dkt. No. 55). Plaintiff subsequently filed a response in opposition to the motion for summary judgment. (Dkt. No. 72). The Magistrate Judge recommended (1) granting the summary judgment motion because Plaintiff failed to demonstrate that there were any genuine issues of material fact, and (2) dismissing the case against Jane Doe(s) due to Plaintiffs' failure to serve them. (Dkt. No. 83). After receiving two extensions, Plaintiff filed objections to the recommendation. (Dkt. No. 92).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or

---

[1] The Court has already dismissed the claims against the Jon Doe Defendants. (Dkt. No. 30).

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law determines whether facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, only those factual disputes that might affect the outcome of the suit are relevant to the summary judgment inquiry. *Id.*

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest on the allegations averred in his pleadings. *Id.* at 324. The nonmoving party must instead demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, neither a 'mere scintilla of evidence'" in support of the nonmoving party's case nor "[c]onclusory or speculative allegations" suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

The Court holds the pleadings of a pro se plaintiff to less stringent standards than those of a party represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). With this in mind, the Magistrate Judge ably and thoughtfully organized and addressed each of Plaintiff's grounds

3

for relief in the R & R. The Magistrate Judge first distilled Plaintiff's pro se complaint into three categories: (1) claims made pursuant to 42 U.S.C. § 1983, (2) conspiracy claims, and (3) all other claims. The Magistrate Judge then further distilled the § 1983 claims into seven different types of claims and the conspiracy claims into two different types of claims. Finally, the Magistrate Judge thoroughly analyzed each type of claim by overlaying the facts that Plaintiff provided over each claim element. Instead of rehashing each allegation individually here, this Court instead will focus on Plaintiff's objections.

As a preliminary matter, Plaintiff makes several conclusory objections to the R & R. (*See, e.g.*, Dkt. No. 92 at 22 ("[Plaintiff] specifically objects to the R & R's untrue allegation that [Plaintiff] failed to state a valid claim against [Defendants] Eury, McKay, D. Seward, Florian, and Byers concerning appropriate access to the courts."); *id.* at 23 ("[Plaintiff] specifically objects to the R & R [referencing] his retaliation assertion as vague.")). To the extent Plaintiff makes conclusory allegations without pointing to a specific error in the R & R, the Court need not conduct a de novo review. *Smith v. Washington Mut. Bank FA*, 308 F. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Plaintiff also objects to the Magistrate Judge's word choice in the R & R. (*See, e.g.*, Dkt. No. 92 at 26 ("[Plaintiff] specifically objects to the Magistrate Judge reating [sic] and inserting the term 'fight' when referencing def Seward's aggression . . . [Plaintiff] did not use fight [to] refere[] him."); *id.* at 6 (objecting to the R & R's use of "subscription," when the magazine was a "'special' 1 year gift from [Plaintiff's] disabled aunt")). Word choices such as these bear no

4

legal significance; because objections of this nature do not create a genuine issue of material fact, they do not provide the Court with any reason to disagree with the R & R.

Plaintiff's most facially compelling objection ultimately falls flat when it comes to raising a genuine issue of material fact. Plaintiff alleges that he did not receive "fair and proper 'Notice'" of his disciplinary hearing for practicing law without a license, in violation of due process. (Dkt. No. 92 at 8). But during his hearing, Plaintiff acknowledged that he received notice of the charge against him, instead testifying that he would "never jeopardize anything by having anyone else's paperwork or mailing out anyone else's paperwork." (Dkt. No 55-3 at 3:53–4:30 (recording of disciplinary hearing)). In his objections, Plaintiff alleges that the notice was insufficient because the prison failed to follow South Carolina Department of Corrections policies. (Dkt. No. 92 at 8).

As the Magistrate Judge correctly noted, due process claims that rely only on the violation state policies will be actionable under § 1983 only if the policy violation also rises to the level of a constitutional violation. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue"); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002) ("[T]he law is settled that the failure to follow a . . . prison regulation does not give rise to a federal constitutional claim."); *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate

claim of entitlement."). Because the facts show that Plaintiff received constitutionally adequate notice,[2] no evidence tends to show that Plaintiff's due process rights were violated.

IV. Conclusion

The Court has carefully reviewed the R & R, the record, the parties' filings, and the relevant legal authorities. The Court finds that the Magistrate Judge correctly concluded that the named Defendants are entitled to summary judgment as a matter of law and that the case should be dismissed against the Jane Doe Defendant(s) without prejudice. Therefore, the Court ADOPTS the R & R (Dkt. No. 83) as the order of the Court, GRANTS Defendants' motion for summary judgment (Dkt. No. 55), and DISMISSES the complaint against the Jane Doe Defendant(s) without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 28, 2015
Charleston, South Carolina

---

[2] The Supreme Court has held that written notice of charges provided to an inmate at least 24 hours before a hearing is constitutionally adequate. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Plaintiff received notice a week before the hearing. (Dkt. No. 55-1 at 15).

6